## SUPREME COURT.

ABRAHAM L. ACKERMAN agt. HAMILTON H. SALMON and
EMILIE M. SALMON.

An action by a *judgment creditor* to reach real estate *conveyed to the wife of his
judgment debtor*, a part of the consideration for such conveyance being paid by
the judgment debtor, who is alleged to be insolvent, cannot be sustained, where
the presumption of *fraud*, which attaches by reason of the payment of such
consideration, is overcome by the evidence.

And evidence tending to show that the debt to the plaintiff was contracted by a
partner of the judgment debtor, of which the latter was ignorant at the time
he paid the consideration money, and that the plaintiff made no claim against
him personally till after the conveyance to his wife, was properly admissible to
show the want of a fraudulent intent on the part of the defendants.

*New York General Term November*, 1865.
*Before* INGRAHAM, P. J., BARNARD *and* LEONARD, *justices.*

THE plaintiff is a judgment creditor of the defendant,
Hamilton H. Salmon, but not of the defendant Emilie M.
Salmon. Execution against H. H. Salmon has been returned
unsatisfied. The judgment was recovered against H. H.
Salmon and one John Mears, as copartners, and was
recovered March 17, 1857, and was for goods sold to John
Mears between February 22, 1856, and April 14, 1856. In
the summer of 1856, the defendant, Emilie M. Salmon, wife
of H. H. Salmon, purchased a house and lot in New York
city. The plaintiff claims that at the time of this purchase
H. H. Salmon was largely insolvent, and that such purchase
was, in fact, made for his benefit and by him, and with intent
to hinder, delay and defraud his creditors, and asks that his
judgment be decreed to be a lien upon said premises, that
they be sold and the judgment paid.

The defendants admit the purchase of the house and lot,
but say that the firm of Wm. H. Newman & Co. and Emilie
M. Salmon furnished the money, and that the property was
purchased for her sole use and benefit.

They deny the allegation in the complaint that the deed
of the premises, though bearing date March 8, 1856, was
not executed for several months after that time, and they

deny any fraud or fraudulent intent whatever. And they allege that at the time of the purchase, H. H. Salmon was perfectly solvent (worth over ten thousand dollars), and they then deny each and every other allegation in the complaint.

The referee (ex-judge Alfred Conkling) rendered judgment for the defendants.

E. R. Bogardus, *for appellant.*

I. The appellant was a creditor of H. H. Salmon at the time of his advancing money for the purchase of the premises, taking conveyance in the name of his wife.

Such fact makes such conveyance presumptively fraudulent. (*Mead* agt. *Gregg,* 12 *Barb.* 653 ; *Van Wyck* agt. *Seward,* 18 *Wend.* 375 ; *Ward* agt. *Robinson,* 22 *N. Y. Rep.* 564.)

The fraudulent intent was not disproved in this case.

II. Subsequent creditors may impeach such conveyance. (12 *Barb.* 653 ; 18 *Wend.* 375.)

The evidence (uncontradicted) does impeach the conveyance to Mrs. Salmon.

The defendant H. H. Salmon, not only paid the purchase money for the conveyance to his wife, but pledged his future earnings in payment of the moneys advanced for that purpose, and also transferred in payment thereof the property acquired from plaintiff upon which his judgment is based.

III. The referee erred in overruling the plaintiff's objection at folio 65.

IV. The referee erred in refusing to find matters of fact and law as required by the plaintiff's counsel.

V. The conclusions of law by the referee are not warranted by his facts.

VI. Even if the judgment debtor had a right to make a reasonable settlement upon his wife, the evidence shows clearly that Mr. Salmon's settlement was not within the spirit of adjudications relied upon by him upon this point. He had no property at the time which he had the right to settle upon his wife.

VII. The judgment should be reversed and new trial granted.

ANDREWS, COLBY & THOMPSON, *attorneys, and*
GEORGE R. THOMPSON, *counsel for respondents.*

I. The plaintiff's evidence utterly fails to show anything to establish either of the following allegations in the complaint, viz :

*First.* That the defendant was insolvent, or expected to become insolvent, at the time the purchase of the house and lot in question was made.

*Second.* That the purchase was made with intent to place his property beyond the reach of creditors, or to hinder, delay or defraud creditors.

For the evidence on these points, see the case.

This is every particle of evidence offered by plaintiff to sustain either of the above allegations, and it is submitted that so far from proving them to be true, it shows the contrary.

*(a)* On the other hand, it appears that the purchase was, at any rate, *bona fide* in its inception, as it was made long before any account was opened by Mears with the plaintiff.

Purchase in December, 1855. Debt to plaintiff, from Mears, or Mears & Salmon, April, 1856.

It is admitted that the goods for which the judgment was obtained against Mears & Salmon, were sold to Mears, and charged to him, "John Mears," and "John Mears' Union Color Works," and that neither the plaintiff nor his clerk ever saw Mr. Salmon, and that Salmon was not notified by the plaintiff of the sales, nor was any demand made upon him until August 12, 1856, which was long after the payment of all the purchase money for the house and lot.

The purchase was made notoriously and openly by Mrs. Salmon. The purchase money had been partly paid before the plaintiff's claim existed, even against Mears, and was all paid before Salmon was notified of the existence of the

claim. The conveyance was made to Mrs. Salmon absolutely.

*(b)* The plaintiff's evidence shows how and when H. H. Salmon became insolvent.

II. The statute in relation to conveyances presumptively fraudulent, will not avail the plaintiff (*R. S. 5th ed. vol. 3, p. 15, §§ 51 and 52*).

*(a)* By that section a conveyance made to one person, the consideration being paid by another person, is presumptively fraudulent against the creditors, at the time of its payment, of the person paying the consideration. The consideration of this conveyance was paid before the accrual of any debt from defendant, H. H. Salmon, to the plaintiff (*See previous references*).

*(b)* At any rate, the statute only shifts the burden of proof from the plaintiff to the defendants, and for the reason stated under the first point, any presumption arising under this statute is successfully rebutted.

*(c)* The statute does not apply to a case like this.

III. The presumption of fraud, if any, may be repelled by circumstances. (*Seward* agt. *Jackson,* 8 *Cowen,* 406; *Hinde's Lessee* agt. *Longworth,* 11 *Wheat.* 213.)

*(a)* The doctrine sustained by the case of *Reade* agt. *Livingston* (3 *Johns. Ch.* 492), has been overruled by the case of *Seward* agt. *Jackson,* above cited (*See also, Hamilton* agt. *Greenwood,* 1 *Bay,* 173).

IV. The question of fraud is one of fact, and the findings below will not be disturbed by the court on appeal.

*(a)* Especially so when the plaintiff becomes a creditor subsequent to the payment of the consideration.

V. An exception was taken by plaintiff's counsel, to the ruling of the referee, allowing the introduction of evidence to show that no claim was ever made against H. H. Salmon, by plaintiff, until after the conveyance in question, and that Mr. Salmon was not informed of the existence of the claim at the time of the conveyance, on the ground that the defendants are concluded by the judgment roll in evidence.

The ruling of the referee should be sustained for the following reasons, viz :

*First.* The defendant, Emilie M. Salmon, was not a party to the former action.

*Second.* The question of solvency, and the questions for the solution of which this evidence was presented, did not arise in the former action, are new matter, and are not *res adjudicata.* (*Maybee* agt. *Avery*, 18 *Johns.* 353 ; *Vail* agt. *Vail*, 7 *Barb.* 242 ; *Le Guen* agt. *Gouveneur*, 1 *Johns. C.* 492.).

*(a)* The broadest construction of the rule of *res adjudicata*, and the one most favorable to the plaintiff, will not render his exception good. The former action must have been between the same parties, or the party desired to be concluded must have had a right to appear, and the judgment must have been upon the same question now desired to be raised (1 *Green. Ev.* § 523).

VI. The judgment below was correct, and should be affirmed.

*By the court*, LEONARD, J. The plaintiff is a judgment creditor of Hamilton H. Salmon, and seeks in this action to reach real estate conveyed to Mrs. Salmon for the consideration of $6,900, of which the sum $2,400 was paid by her husband, the judgment debtor, and the balance, $4,500, secured by her mortgage upon the premises conveyed to her. At the time of the payment of the money, the debtor was ignorant that he owed anything to the plaintiff. So far as it appears from the case he owed but one other debt, and although the amount of that was pretty large, the creditors held full security for the amount. It also appears that the debtor sustained very large losses shortly after the payment of the consideration for the conveyance to his wife, Mrs. Salmon. Upon this evidence the referee has found that the debtor paid the money for the conveyance without any fraudulent intent.

It appears to me that the evidence sustains this finding. The presumption of fraud, which attaches by reason of the payment of the consideration by Mr. Salmon for the conveyance of the premises to his wife, has been overcome. There

is no reason for disturbing the finding of the referee. The referee admitted evidence tending to show that the debt to the plaintiff was contracted by Mears, a partner of Mr. Salmon, and that the plaintiff made no claim against Mr. Salmon personally, till after the conveyance to his wife, and that Mr. Salmon was not informed of the existence of the claim at the time he paid the money for the conveyance. The plaintiff's counsel took an exception to the admission of this evidence. It appears to me to have been admissible to show the want of a fraudulent intent on the part of the defendants.

The judgment should be affirmed, with costs.